IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| GABRIEL ROSA-DIAZ, | ) |
| | ) |
| Plaintiff | ) 1:22-CV-00239-SPB |
| | ) |
| vs. | ) RICHARD A. LANZILLO |
| | ) CHIEF UNITED STATES |
| OBERLANDER, SUPERINTENDENT OF S.C.I. FOREST; PERRY, UNIT MANAGER AT S.C.I. FOREST; FISCUS, HEARING EXAMINER AT S.C.I. FOREST; CAPT. CARTER, SECURITY CAPTAIN AT S.C.I. FOREST; CUSTER, CORRECTIONAL OFFICER AT S.C.I. FOREST; COSTANZO, CORRECTIONAL OFFICER AT S.C.I. FOREST; HOOG, CORRECTIONAL OFFICER I AT S.C.I. FOREST; SCHLEMMER, CORRECTIONAL OFFICER I AT S.C.I. FOREST; MOSLAK, CHIEF HEARING EXAMINER AT CENTRAL OFFICE; K. MOORE, C.G.C.; CORRECTION OFFICER MARSH, D.S.W.R.; T. BICKEL, D.S.W.R.; AND GEORGE LITTLE, SECRETARY FOR PA D.O.C. | ) MAGISTRATE JUDGE <br><br> ) MEMORANDUM ORDER ON MOTION TO CORRECT ADDITIONAL SHORTCOMINGS <br><br> ) IN RE: ECF NO. 39 |
| Defendants | ) |

Plaintiff Gabriel Rosa-Diaz ("Plaintiff") has filed a Motion to Correct Additional Shortcomings, which the Court construes as a motion to supplement the amended complaint. *See* ECF No. 39. As explained below, the motion is **DENIED**.

Plaintiff's Amended Complaint brings claims against twelve defendants, all of whom are employees of the Pennsylvania Department of Corrections. *See* ECF No. 19, generally. The

1

Defendants have filed a motion to dismiss, which is presently pending before the Court. *See* ECF No. 30. Plaintiff then filed a motion for leave to supplement the Amended Complaint (ECF No. 34) and a motion to "Correct Statement of Facts," (ECF No. 35), both of which the Court granted. *See* ECF No. 36. The Plaintiff has now filed the instant motion to "Correct Additional Shortcomings to Plaintiff's Statement of Facts." *See* ECF No. 39. The Court construes this most recent motion as one seeking leave to further supplement the Amended Complaint.

Under Federal Rule of Civil Procedure 15, a court may, "on just terms" grant a party leave to supplement a pleading to set out "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Decisions on whether to grant leave to supplement are left to the sound discretion of the district court, but should be liberally construed in favor of granting the motions. *Garrett v. Wexford Health*, 938 F.3d 69. 89 (3d Cir. 2019). When considering whether to grant leave to supplement a pleading, a court should consider whether supplementation would promote justiciable disposition of the case, whether it would cause delay or inconvenience, and whether it would cause prejudice to the parties. *See, e.g., Nottingham v. Peoria*, 709 F. Supp. 542 (M.D. Pa. 1988).

Denial of leave to supplement is appropriate where the subject matter of the proposed supplement is unrelated to the additional complaint. *Nottingham*, 709 F. Supp. at 544 ("[A] court may deny leave to file a supplemental pleading where that pleading relates only indirectly, if at all, to the original complaint and the alleges cause of action arose out of an entirely unrelated set of facts and related to a defendant not implicated in the original complaint."). Thus, supplementation is not appropriate where the proposed supplement "names new defendants and is based upon unrelated facts." *Id*.

Upon review of Plaintiff's motion, it is denied. Here, Plaintiff does not seek to supplement his pleading with "any transaction, occurrence, or events that happened after the date" his amended complaint was docketed. Instead, most of his proposed supplementary material are quotations from DC-ADM 802, a Department of Corrections policy the Defendants are likely to already have access to. *See, e.g.* ECF No. 39-1, ¶¶ 113, 128. Such material need not be quoted in a supplement to the amended complaint. Further, Plaintiff wishes to supplement the amended complaint with a recitation of various DOC policies. *See, e.g., id.* at ¶¶ 135, 137, 139, 143. Here again, this supplementation is unnecessary as these policies are available to the Defendants.

However, Plaintiff also moves to supplement his amended complaint with a new First Amendment retaliation claim (*see id.,* p. 4, ¶ 37) against Defendants Oberlander, Marsh, Bickel, and Little. He contends that these defendants actions "in removing [him] from the BMU program and placing Plaintiff in IMU program without providing the Plaintiff an opportunity to challenge and appeal" violated his rights under the First and Eighth Amendments, as well his due process protections. *Id.* When a motion seeks to add entirely new claims that occurred before the original (or in this case, amended) pleading, the motion is properly considered as a motion to amend, not one to supplement. *See, e.g., Michael v. Ghee*, 498 F.3d 372, 386 (6th Cir. 2007); *United States v. Hicks*, 283 F.3d 380, 385 (D.C. Ci. 2002) (discussing that within the meaning of Rule 15, supplements relate to events that have transpired *since* the date of the original pleading, while amendments typically rely on matters in place *prior* to the filing of the original pleading) (emphasis in original).

Upon further review, the motion is denied. Plaintiff's proposed "new claim" is factually similar to claims already extant in his amended complaint. For example, in Paragraph 28,

3

Plaintiff's amended pleading charges these same defendants with removing Plaintiff from the "BHU to the IMU program" because they were "upset that Plaintiff have successfully won a couple of lawsuits against the Pa. DOC." ECF No. 19, ¶ 28. He claims their actions were violations of his rights to procedural and substantive due process, the First Amendment, and the Eighth Amendment. *Id.* This language is practically identical to his proposed claim and constitutional violations: "… the Defendants are mad at Plaintiff and have labeled him as a problematic inmate due to Plaintiff having successfully won a few lawsuits against the Pa. DOC … in violation of the First Amendment … Eighth Amendment … and Plaintiff's rights to the substantive and procedural due process." ECF No. 39-1, p. 4, ¶ 37. Accordingly, because the Plaintiff's proposed "new claim" is repetitive of a claim already set forth in his amended complaint, the motion to file another amended complaint is denied.

A final caution to the Plaintiff: the Court may deny a motion to amend where there is "undue delay … or dilatory motive" on the part of the movant. *See Foman v. Davis*, 371 U.S. 178, 182 (1982). Likewise, delay is a factor to be considered when ruling on a motion to supplement pursuant to Fed. R. Civ. P. 15(d). *See, e.g., Apex Clearing Corp. v. Axos Fin. Inc.*, 2022 WL 3153857, at *1 (D. Del. Aug. 8, 2022). Plaintiff has now filed two motions to supplement, one of which the Court has granted. Any further attempts may be seen as an attempt to delay the progression of this litigation. Plaintiff's Response in Opposition to the pending Motion to Dismiss is due on or before March 27, 2023.

DATED this 21st day of March, 2023.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE

4