IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GABRIEL ROSA-DIAZ,** | ) |
| **Plaintiff,** | ) |
| | ) Case No. 1:22-cv-239 |
| v. | ) |
| **OBERLANDER, Superintendent of** | ) |
| **S.C.I. Forest,** *et al.*, | ) |
| **Defendants.** | ) |

### MEMORANDUM ORDER

Pending before the Court in the above-captioned case is a filing which has been docketed as a supplement to Plaintiff's objections, ECF No. [57], but which is more accurately construed as a motion for reconsideration and clarification of the Court's Memorandum Order dated September 26, 2023, ECF No. [53]. The motion, so construed, is GRANTED in part and DENIED in part as follows:

1. Plaintiff correctly points out that he paid the requisite filing fee and is not proceeding *in forma pauperis* in this action. As such, the Court agrees that it should not have relied on the provisions of 28 U.S.C. §1915(e)(2) in dismissing the due process claims against Defendants Marsh, Bickell, and Little. On further reconsideration, those claims will be reinstated and will be subject to adjudication on the merits at a later stage of these proceedings. Plaintiff's motion for reconsideration is GRANTED in this respect, and an Amended Memorandum Order reflecting this change will issue herewith.

2. To the extent Plaintiff seeks reconsideration of the Court's dismissal of his due process claims against Defendants Fiscus, Moslak, Moore, Perry, and/or Oberlander, his motion is DENIED, inasmuch as Plaintiff has not identified any grounds warranting

1

reconsideration, such as (1) an intervening change in the controlling law, (2) the availability of new and material evidence that was not previously available at the time of the Court's ruling, or (3) the need to correct a clear error of law or fact so as to prevent manifest injustice. *See Max's Seafood Cafe ex rel. Louann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

3. Plaintiff's request for clarification of certain matters is GRANTED. First, while the Court has dismissed all claims against Moslak, Moore and Perry, the Court does not construe Plaintiff's pleading as having asserted ADA or Rehabilitation Act claims against those Defendants. In any event, no ADA or Rehabilitation Act claims could have been asserted against those Defendants, who were sued only in their individual capacities. *See, e.g. See Kokinda v. Pennsylvania Dep't of Corr.*, 779 F. App'x 938, 942 (3d Cir. 2019) (concluding that plaintiff's "claims for individual damages liability under Title II of the ADA fail for the simple reason that there is no such liability") (citing authority); *Doe v. DeJoy*, No. 5:19-CV-05885, 2020 WL 4382010, at *11 (E.D. Pa. July 31, 2020) (holding that there is no individual liability under the Rehabilitation act and citing authority). All other Defendants remain parties to this case, and any claims against them under the ADA or Rehabilitation Act have not been dismissed, so the Court's September 26, 2023 ruling did not prejudice any aspect of Plaintiff's ADA or Rehabilitation Act claims.

Second, to the extent Plaintiff suggests that his equal protection claims against Oberlander, Marsh, Bickel, or Little have been dismissed, he is mistaken. At this juncture, only the due process claims against Oberlander have been dismissed, along with any claims arising out of Oberlander's involvement in Misconduct 787837 and/or any claims based on Oberlander's alleged direction that Fiscus find Plaintiff guilty of

Misconduct 489646.  *See* ECF No. 53.  Therefore, Plaintiff's equal protection claims against Defendants Oberlander, Marsh, Bickel, and Little otherwise remain in the case.

Finally, nothing in the Court's rulings should be construed as an indication of partiality either for, or against, any party.  Plaintiff's suggestion that the Court's ruling was an effort to assist the defense is unfounded.

4. In all other respect, Plaintiff's motion for reconsideration and/or clarification is DENIED.

Date: <u>October 13, 2023</u>

*/s/ Susan Paradise Baxter*

SUSAN PARADISE BAXTER
United States District Judge