IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| GABRIEL ROSA-DIAZ, | ) | |
| | ) | |
| Plaintiff | ) | 1:22-CV-00239-SPB |
| | ) | |
| vs. | ) | RICHARD A. LANZILLO |
| | ) | Chief United States Magistrate Judge |
| OBERLANDER, SUPERINTENDENT OF S.C.I. FOREST; FISCUS, HEARING EXAMINER AT S.C.I. FOREST; CAPT. CARTER, SECURITY CAPTAIN AT S.C.I. FOREST; CUSTER, CORRECTIONAL OFFICER AT S.C.I. FOREST; COSTANZO, CORRECTIONAL OFFICER AT S.C.I. FOREST; HOOG, CORRECTIONAL OFFICER I AT S.C.I. FOREST; SCHLEMMER, CORRECTIONAL OFFICER I AT S.C.I. FOREST; CORRECTION OFFICER MARSH, D.S.W.R.; T. BICKEL, D.S.W.R.; AND GEORGE LITTLE, SECRETARY FOR PA D.O.C.; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER ON PENDING MOTIONS<br><br>**ECF NOS.** 70, 72 |
| Defendants | ) ) | |

Pending before the Court are two motions filed by Plaintiff Gabriel Rosa-Diaz ("Plaintiff"). First, the Plaintiff moves for leave to conduct discovery (ECF No. 70). In the brief accompanying his motion, Plaintiff argues that this Court's Case Management Order, entered on December 18, 2023, is "illegal and against the law for a prisoner pro se seeking discovery." ECF No. 71, p. 1. The motion is **DENIED**.

Put simply, the Court's Case Management Order (ECF No. 64) does not deny Plaintiff the right to conduct discovery. The Order actually requires the Defendants to provide the Plaintiff with several items of discovery directly relevant to his claims. For example, the

1

Defendants have been ordered to produce Rule 26(a) initial disclosures; all incident reports, grievances, disciplinary reports, or other similar documents in their possession, and medical records relating to Plaintiff's claims.  *See* ECF No. 64, p. 1.

Moreover, the Plaintiff is permitted to conduct discovery beyond that which the Defendants have already been ordered to produce.  Such requests should be preliminarily submitted to the Court and the Court will review them for compliance with the applicable Federal Rules of Civil Procedure.  This procedure has been established herein not to deny the Plaintiff his discovery rights, but instead to streamline the discovery process in pro se prisoner cases and to eliminate likely motion practice.  *See Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (stating "this Court has long recognized that a district court possesses inherent powers that are 'governed not by rule or statute but by the control necessary vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'") (citations omitted).  To that end, orders similar to this Court's Case Management Order have been utilized widely throughout this judicial district as a means to appropriately manage pro se prisoner litigation and ensure the just and expeditious resolution of cases.  *See, e.g., Stoltie v. Cerilli, et al.*, No. 2:21-cv-00267 (Sept. 20, 2022).  *See also* Fed. R. Civ. P. 1 (stating that the Federal Rules were enacted to further the "just, speedy, and inexpensive determination of every action and proceeding").

Plaintiff's second motion (ECF No. 72) seeks recusal of the Undersigned based on the issuance of the aforementioned Case Management Order.  The basis for the motion is Plaintiff's dissatisfaction with the Court's Case Management Order, the issuance of which Plaintiff claims demonstrates bias and prejudice against him.  *See* ECF No. 72, ¶ 2.  Plaintiff's complaint is thus based on his dissatisfaction with "ordinary judicial decision-making," which does not warrant

recusal.  *In re Gedeon*, 2023 WL 7297338, at *2 (3d Cir. Nov. 6, 2023) ("[W]e have repeatedly held that mere dissatisfaction with rulings do not warrant recusal") (citing *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000).  *See also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.");  *United States v. Martorano*, 866 F.2d 62, 68 (3d Cir. 1989). (holding recusal is also not required when based on mere "possibilities" and "unsubstantiated allegations").  Accordingly, Plaintiff's motion for recusal (ECF No. 72) is **DENIED**.

DATED this 17th day of January 2024.

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE